1  JON D. UNIVERSAL, SBN 141255
   JAMES P. MAYO, SBN 169897
2  NEJLA NASSIRIAN, SBN 308730
   BRETT H. WANNER, SBN 314025
3  **UNIVERSAL & SHANNON, LLP**
   2240 Douglas Boulevard, Suite 290
4  Roseville, California 95661
   Telephone: (916) 780-4050
5  Facsimile: (916) 780-9070

6  Attorneys for Defendant **FCA US LLC**

7

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11 ELZA LYNN LEFEVRE,                      | Case No.:

12          Plaintiff,                     | (Removed from San Mateo County Superior
                                           | Court, Case No. 20-CIV-02336)
13      vs.
                                           | **DECLARATION OF JAMES P. MAYO IN
14 FCA US LLC; and DOES 1 through 20,      | SUPPORT OF DEFENDANT'S NOTICE
   inclusive,                             | OF REMOVAL OF ACTION PURSUANT
15                                         | TO 28 U.S.C. §§ 1332, 1441 AND 1446
          Defendants.                      | AND EXHIBITS THERETO**
16

17

18          I, JAMES P. MAYO, declare:

19          1.      I am an attorney duly licensed to practice law before all of the courts of the State

20 of California and the United States District Court for the Northern District of California, and I

21 am an attorney with UNIVERSAL & SHANNON, LLP, attorneys of record for Defendant FCA

22 US LLC  ("FCA US")  in this action.  I am a member in good standing with the State Bar of

23 California.

24          2.      I have personal knowledge of the following facts, except for those based upon

25 information and belief, which I believe to be true, and if called upon to testify, I would and could

26 competently testify to their truth and accuracy.

27 ///

28 ///

3.      This Declaration is submitted in support of Defendant's Notice of Removal to the United States District Court for the Northern District of California under 27 U.S.C. §§ 1332, 1441, and 1446.

4.      In executing this Declaration, I do not intend, and FCA US has not authorized me, to waive any protections or privileges it may have as to proprietary, trade secret and/or confidential information, or to waive its attorney-client privilege as to any of its communications or to waive the work product immunity developed in anticipation of or in response to litigation.  I intend only to describe certain factual matters that are pertinent to this Declaration.

5.      Attached hereto as Exhibit "A" is a true and correct copy of the Summons and Complaint filed by Plaintiff ELZA LYNN LEFEVRE on June 2, 2020, in the San Mateo County Superior Court asserting claims under California's Song-Berberly Consumer Warranty Act against FCA US.

6.      Pursuant to the Service of Process Transmittal, FCA US was first served with the Complaint on  June 17, 2020.  Attached hereto as Exhibit "B" is a true and correct copy of the Service of Process Transmittal.

7.      Attached hereto as Exhibit "C" are true and correct copies of the Case Management Conference, and Excerpts of Local Rules issued by the San Mateo County Superior Court.

8.      Attached hereto as Exhibit "D" is a true and correct copy of FCA US's Answer to Plaintiff's Complaint served on Plaintiff.

9.      Attached Exhibit "E" is a true and correct copy of the purchase agreement for the subject vehicle that was attached to the Complaint in this case.

10.     Attached Exhibit "F" is a true and correct copy of an excerpt from FCA US's 2014 Form 10-K filing.

///

///

///

DECLARATION OF JAMES P. MAYO IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 AND EXHIBITS THERETO

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 17th day of July 2020 at Los Angeles, CA.

/s/ *James P. Mayo*

_____

JAMES P. MAYO, ESQ.

DECLARATION OF JAMES P. MAYO IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 AND EXHIBITS THERETO

JUN 1 7 2020          12:55/

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** FCA US LLC; and DOES 1 through 20,
**(AVISO AL DEMANDADO):** inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON      6/2/2020
By_____/s/ Una Finau
Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** ELZA LYNN LEFEVRE
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* 20-CIV-02336 |

SAN MATEO SUPERIOR COURT
400 County Center
Redwood City, CA  94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Adam J. McNeile   Bar No. 278946          (415) 632-1900      (415) 632-1901
KEMNITZER, BARRON & KRIEG, LLP
42 Miller Ave., 3rd Floor
Mill Valley, CA  94941

| DATE: | Neal I. Taniguchi | Clerk, by | /s/ Unaloto Finau | , Deputy |
|---|---|---|---|---|
| *(Fecha)* 6/2/2020 | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): FCA US LLC

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other (specify): Corps. C. 17701.16 (LLC)
4. ☒ by personal delivery on (date):          JUN 1 7 2020

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

[SEAL]

KEMNITZER, BARRON & KRIEG, LLP
ADAM J. McNEILE      Bar No. 280296
KRISTIN KEMNITZER      Bar No. 278946
42 Miller Ave., 3rd Floor
Mill Valley, CA  94941
Telephone:  (415) 632-1900
Facsimile:  (415) 632-1901
adam@kbklegal.com
kristin@kbklegal.com

Attorneys for Plaintiff ELZA LYNN LEFEVRE

**Electronically
FILED**
by Superior Court of California, County of San Mateo
ON      6/2/2020
By_____/s/ Una Finau_____
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| ELZA LYNN LEFEVRE, | Case No. 20-CIV-02336 |
| Plaintiff, | **COMPLAINT FOR BREACH OF WARRANTY, CIVIL CODE §1790, *ET SEQ.*** |
| vs. | |
| FCA US LLC; and DOES 1 through 20, inclusive, | Unlimited Civil Case |
| Defendants. | <u>JURY TRIAL DEMANDED</u> |

## INTRODUCTION

1.      Plaintiff ELZA LYNN LEFEVRE ("Plaintiff") brings this action for statutory breach of warranty against Defendant FCA US LLC ("FCA") and DOES 1 through 20, regarding Plaintiff's purchase of a defective 2019 Jeep Cherokee, VIN 1C4PJLLBXKD154124 (the "vehicle").  On information and belief, Plaintiff alleges the following:

## PARTIES

2.      Plaintiff is an individual over the age of 18 years.  At all times relevant herein, Plaintiff was, and currently is, a resident of the State of California.

3.      FCA is, and at all times relevant herein was, a Delaware corporation authorized to conduct and conducting business in the State of California, including the County of San Mateo.  FCA was and is the manufacturer and/or warrantor of the vehicle.

1
Complaint for Breach of Warranty

EXHIBIT A

**DOE DEFENDANTS**

4.        Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as DOES 1 through 20, inclusive, pursuant to §474 of the California Code of Civil Procedure.  Nonetheless, Plaintiff alleges that Defendants DOES 1 through 20, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.  Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously-named Defendants, together with appropriate charging allegations, when ascertained.

**AGENCY AND ALTER EGO**

5.        At all times mentioned herein each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

6.        FCA authorized dealerships were acting as agents of FCA for purposes of repairing vehicles under the FCA three-year, 36,000-mile "bumper-to-bumper" warranty as well as the five-year, 50,000-mile powertrain warranty covering the vehicle at issue in this matter. Plaintiff further alleges that FCA is the administrator and warrantor of the warranties that accompanied the vehicle.

**AGENCY AND ALTER EGO**

7.        At all times mentioned herein each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

8.        FCA authorized dealerships were acting as agents of FCA for purposes of repairing vehicles under the FCA three-year, 36,000-mile "bumper-to-bumper" warranty, the five-year, 60,000-mile power train warranty, and other warranties covering certain other

Complaint for Breach of Warranty

EXHIBIT A

1  components of the vehicle at issue in this matter. Plaintiff further alleges that FCA is the

2  administrator and warrantor of the warranties that accompanied the vehicle.

3  **JURISDICTION AND VENUE**

4      9.    Venue is proper in San Mateo County because FCA conducts substantial business

5  in San Mateo County and Plaintiff resides in San Mateo County.

6      10.    This Court has jurisdiction over Plaintiff's claims because FCA is qualified to do

7  business in California and regularly conducts business in California.  Furthermore, the acts and

8  omissions complained of occurred in California, including the County of San Mateo.

9  **ACTS OF DEFENDANTS**

10      11.    On May 18, 2019, Plaintiff purchased the vehicle from Stockton Dodge Inc. A

11  true and correct copy of the purchase contract is attached hereto as **Exhibit A** and incorporated

12  herein by reference.

13      12.    Plaintiff's purchase of the vehicle was accompanied by express warranties offered

14  by FCA and extending to Plaintiff.  These warranties were part of the basis of the bargain of

15  Plaintiff's contract for the purchase of the vehicle and were contained in the warranty booklet

16  and warranty agreement.

17      13.    The warranties provided by FCA covered any repairs or replacements needed

18  during the warranty period due to defects in factory materials or workmanship.  Any required

19  adjustments would also be made during the coverage period.  All warranty repairs and

20  adjustments, including parts and labor, were to be made at no charge.  Additional warranties

21  were set forth in the warranty booklet and other documents not in Plaintiff's possession and are

22  incorporated herein by reference as though fully set forth.

23      14.    In fact, when delivered, the vehicle was defective in materials and workmanship.

24  Plaintiff began experiencing dangerous defects with the vehicle shortly after purchasing it that

25  continue to this day. Specifically, on intermittent and unexpected occasions, (1) the transmission

26  shifts out of gear and/or (2) the vehicle stalls. Either the gear shifting or stalling problem have

27  happened approximately five times since Plaintiff has owned the vehicle. This dangerous defect

28  leaves Plaintiff stranded. In December 2019, the vehicle stalled in the middle of an intersection

EXHIBIT A

1    late at night after Plaintiff's daughter had finished coaching a high school soccer game. Plaintiff

2    had to go assist his daughter. Plaintiff is scared this will happen when his daughter is in a remote

3    or dangerous location, as the problem is intermittent and unpredictable.

4         15.    Plaintiff has returned the vehicle for repairs to FCA-authorized dealerships on no

5    fewer than four occasions, and the vehicle has been out of service for no fewer than 24 days.

6         16.    The defects experienced by Plaintiff with the vehicle substantially impair its use,

7    value, and safety to Plaintiff.  Despite Plaintiff's repeated efforts to allow FCA and its authorized

8    agents the opportunity to repair the vehicle, the nonconforming and defective conditions were

9    never repaired.

10        17.    After having lost confidence in the vehicle, Plaintiff contacted FCA and requested

11   that FCA buy back the defective vehicle. FCA denied Plaintiff's buy back request in violation of

12   its obligations under California law. The defects with the vehicle are so dangerous that Plaintiff

13   and his family are no longer driving the vehicle.

14                        **FIRST CAUSE OF ACTION**
                 (Breach of Warranty in Violation of Civil Code §1790, *et seq.*)
15                        (Against FCA and Applicable DOES)

16        18.    Plaintiff realleges and incorporates by reference as though fully set forth herein

17   each and every allegation contained in the paragraphs above.

18        19.    The vehicle is a "consumer good" as defined in Civil Code §1791(a) and a "New

19   Motor Vehicle" as defined in Civil Code §1793.22(e).

20        20.    FCA is a "manufacturer" as defined in California Civil Code §1791(j). FCA is the

21   warrantor and thus obligated to comply with Civil Code §1791, *et seq.*, pursuant to Civil Code

22   §1795.

23        21.    Plaintiff's purchase of the vehicle was accompanied by express factory warranties

24   offered by FCA to Plaintiff. The express warranties described and incorporated herein by

25   reference are each an "express warranty" as defined in California Civil Code §1791.2(a)(1).

26        22.    Due to the existence of the express warranties, Defendants cannot disclaim

27   implied warranties. The duration of the implied warranties of merchantability and fitness are

28   coextensive in duration with the express warranties which accompanied the purchase of the

EXHIBIT A

1  vehicle pursuant to California Civil Code §1791.1(c). These warranties were part of the basis of

2  the bargain of Plaintiff's contract for the purchase of the vehicle.

3        23.    FCA's express warranties covered any repairs or replacements needed during the

4  warranty period due to defects in factory materials or workmanship.  Any required adjustments

5  or repairs would also be made during the basic coverage period.  All warranty repairs and

6  adjustments, including parts and labor, were to be made at no charge.  Additional warranties

7  were set forth in the warranty booklet, and are incorporated herein by reference as though fully

8  set forth.

9        24.    In fact, when delivered to Plaintiff, the vehicle was defective in materials and

10  workmanship, such defects being described above and discovered within the warranty periods.

11       25.    Plaintiff returned the vehicle to authorized FCA servicing dealerships for repairs

12  on at least four occasions for serious problems with the vehicle not unexpectedly shifting gears

13  and shutting down, which are significant safety defects. Plaintiff is scared to drive the vehicle.

14       26.    Plaintiff purchased the vehicle with the reasonable expectation that the vehicle

15  was fit to be used for the ordinary and intended purpose of providing Plaintiff with reliable and

16  safe transportation.  Defendants knew, when it was manufactured and sold, that the intended and

17  ordinary purpose of the vehicle was to provide the buyer with safe and reliable transportation.

18       27.    At all times that Plaintiff had possession of the vehicle, Plaintiff used it for the

19  intended and ordinary purpose.  However, the vehicle was not fit for the ordinary purposes for

20  which it was purchased.  It was, in fact, defective, as set forth above, and not fit to provide

21  Plaintiff with safe and reliable transportation.

22       28.    The dangerous defects experienced by Plaintiff with the vehicle substantially

23  impair its use, value, or safety to Plaintiff.  Despite Plaintiff's repeated efforts to allow FCA the

24  opportunity to repair the vehicle, many nonconforming and defective conditions were never

25  repaired.  The vehicle continues to exhibit the problems described above.

26       29.    As a direct and proximate result of Defendants' violation of their obligations

27  under the Song-Bervely Consumer Warranty Act, Plaintiff has suffered actual, consequential,

28  and incidental damages, including but not limited to money expended on the purchase of the

Complaint for Breach of Warranty

EXHIBIT A

1  vehicle, finance charges, damages associated with the inconvenience suffered as a result of the

2  complete failure of the vehicle to operate properly, the loss of use of the vehicle during the time

3  it has been at the dealership for repairs, other incidental and consequential damages, and

4  attorneys' fees, which Plaintiff has incurred and will continue to incur in order to protect his

5  rights in this matter.

6       30.     As a direct and proximate result of FCA's willful violation of its obligations

7  under the Song-Beverly Consumer Warranty Act, Plaintiff is entitled to have FCA either replace

8  the goods or reimburse Plaintiff in an amount equal to the purchase price paid by the consumer,

9  including finance charges.  Plaintiff has the choice to elect either option, pursuant to California

10  Civil code §1793.2(d)(2).

11       31.     As a direct and proximate result of FCA's willful violation of its obligations

12  under the Song-Beverly Consumer Warranty Act, Civil Code §1794(c) Plaintiff is entitled to a

13  civil penalty of two times his actual damages.

14       32.     Pursuant to Civil Code §1794(d), Plaintiff is entitled to recover a sum equal to the

15  aggregate amount of costs and expenses, including attorneys' fees.  As a proximate result of

16  FCA's misconduct as alleged herein, and in an effort to protect his rights, Plaintiff has incurred

17  and will continue to incur legal fees, costs, and expenses in connection therewith.

18       WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

19                              **PRAYER FOR RELIEF**

20       WHEREFORE, Plaintiff prays for judgment as follows:

21  (1)    For actual damages in excess of the jurisdictional minimum of this court;

22  (2)    For restitution in the form of reimbursement pursuant to California Civil Code §1794(b)

23         and §1793.2(d);

24  (3)    For civil penalty pursuant to California Civil Code §1794(c) in an amount twice that of

25         the actual damages;

26  (4)    For prejudgment interest from the date of the purchase at the maximum legal rate;

27  (5)    For attorneys' fees, expenses and costs of suit incurred herein; and

28  (6)    For such other and further relief as the Court deems just and proper under the

6

Complaint for Breach of Warranty

EXHIBIT A

1   circumstances.

2   Dated:  June 2, 2020                    KEMNITZER, BARRON & KRIEG, LLP

3

4                                 By:   _____

5                                        ADAM J. McNEILE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Breach of Warranty

EXHIBIT A

1

**<u>JURY TRIAL DEMANDED</u>**

2

Plaintiff demands a trial by jury on all issues so triable.

3

Dated:  June 2, 2020                          KEMNITZER, BARRON & KRIEG, LLP

4

5

By:     _____

6

ADAM J. McNEILE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Breach of Warranty

EXHIBIT A

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE

Dealer Number _____   Contract Number _____   R.O.S. Number _____   Stock Number _____

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| ████████████ | | |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| | | | | | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| _____ % | $ ____ (e) | $ ____ (e) | $ ____ (e) | $ ____ (e) |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | | |
| One Payment of | | |
| One Payment of | | |
| | | Monthly beginning |
| One final payment | | |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% on the part of the payment that is late.
Prepayment. If you pay early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

**ITEMIZATION OF THE AMOUNT FINANCED** (Seller may keep part of the amounts paid to others.)

1. Total Cash Price
   A. Cash Price of Motor Vehicle and Accessories ...... $ _____ (A)
      1. Cash Price Vehicle ...... $ _____
      2. Cash Price Accessories ...... $ _____
      3. Other (Nontaxable)
         Describe _____ $ _____
         Describe _____ $ _____
   B. Document Processing Charge (not a governmental fee) ...... $ _____ (B)
   C. Emissions Testing Charge (not a governmental fee) ...... $ _____ (C)
   D. (Optional) Theft Deterrent Device(s)
      1. (paid to) _____ $ _____ (D1)
      2. (paid to) _____ $ _____ (D2)
      3. (paid to) _____ $ _____ (D3)
   E. (Optional) Surface Protection Product(s)
      1. (paid to) _____ $ _____ (E1)
      2. (paid to) _____ $ _____ (E2)
   F. EV Charging Station (paid to) _____ $ _____ (F)
   G. Sales Tax (on taxable items in A through F) ...... $ _____ (G)
   H. Electronic Vehicle Registration or Transfer Charge
      (not a governmental fee) (paid to) _____ $ _____ (H)

### STATEMENT OF INSURANCE
NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

| | | Term | Premium |
|---|---|---|---|
| $ _____ Ded. Comp., Fire & Theft | | Mos. | $ _____ |
| $ _____ Ded. Collision | | Mos. | $ _____ |
| Bodily Injury | $ _____ Limits | Mos. | $ _____ |
| Property Damage | $ _____ Limits | Mos. | $ _____ |
| Medical | $ _____ | Mos. | $ _____ |
| | | Mos. | $ _____ |
| Total Vehicle Insurance Premiums | | | |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.
You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____
Co-Buyer X _____
Seller X _____

**OPTIONAL DEBT CANCELLATION AGREEMENT.** A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in Item 1K of the Itemization of Amount Financed. See your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.

Term _____ Mos. _____
Debt Cancellation Agreement
I want to buy a debt cancellation agreement.

Buyer Signs X _____

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in Item 1.

| I1 Company _____ | |
| Term _____ Mos. or _____ Miles |
| I2 Company _____ | |
| Term _____ Mos. or _____ Miles |
| I3 Company _____ | |
| Term N/A Mos. or _____ Miles |
| I4 Company N/A | |
| Term _____ Mos. or _____ Miles |
| I5 Company _____ | |
| Term _____ Mos. or _____ Miles |

Buyer X _____

Trade-in Vehicle(s)

## EXHIBIT A

| | | | |
|---|---|---|---|
| -(not a governmental fee) (paid to) AVRS | $ 30.00 (H) | | |

**Trade-In Vehicle(s)**

| | | | | |
|---|---|---|---|---|
| I. (Optional) Service Contract(s) | | | f. **Vehicle 1** | |
| 1. (paid to) FIRST EXTENDED SERV CONT | $ 2500.00 (I1) | | Year N/A   Make N/A | |
| 2. (paid to) N/A | $ N/A (I2) | | Model N/A                    Odometer N/A | |
| 3. (paid to) N/A | $ N/A (I3) | | VIN N/A | |
| 4. (paid to) N/A | $ N/A (I4) | | a. Agreed Value of Property | $ N/A |
| 5. (paid to) N/A | $ N/A (I5) | | b. Buyer/Co-Buyer Retained Trade Equity | $ N/A |
| J. Prior Credit or Lease Balance (e) paid by Seller to | | | c. Agreed Value of Property | |
| Vehicle 1 N/A      Vehicle 2 N/A | $ N/A (J) | | Being Traded-In (a–b) | $ N/A |
| (see downpayment and trade-in calculation) | | | d. Prior Credit or Lease Balance | $ N/A |
| K. (Optional) Debt Cancellation Agreement | $ N/A (K) | | e. Net Trade-In (c–d) (must be ≥ 0 | |
| L. (Optional) Used Vehicle Contract Cancellation Option Agreement | $ N/A (L) | | for buyer/co-buyer to retain equity) | $ N/A |
| M. Other (paid to) N/A | $ N/A (M) | | 2. **Vehicle 2** | |
| For N/A | | | Year N/A   Make N/A | |
| N. Other (paid to) N/A | $ N/A (N) | | Model N/A                    Odometer N/A | |
| For N/A | | | VIN N/A | |
| Total Cash Price (A through N) | $ 27565.12 (1) | | a. Agreed Value of Property | $ N/A |
| 2. Amounts Paid to Public Officials | | | b. Buyer/Co-Buyer Retained Trade Equity | $ N/A |
| A. Vehicle License Fees ESTIMATED | $ 149.00 (A) | | c. Agreed Value of Property | |
| B. Registration/Transfer/Titling Fees ESTIMATED | $ 194.00 (B) | | Being Traded-In (a–b) | $ N/A |
| C. California Tire Fees | $ N/A (C) | | d. Prior Credit or Lease Balance | $ N/A |
| D. Other N/A | $ N/A (D) | | e. Net Trade-In (c–d) (must be ≥ 0 | |
| Total Official Fees (A through D) | $ 343.00 (2) | | for buyer/co-buyer to retain equity) | $ N/A |
| 3. Amount Paid to Insurance Companies | | | | |
| (Total premiums from Statement of Insurance) | $ N/A (3) | | **Total Agreed Value of Property** | |
| 4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee | $ 0.00 (4) | | Being Traded-In (1c+2c) | $ N/A* |
| 5. Subtotal (1 through 4) | $ 27916.12 (5) | | **Total Prior Credit or Lease** | |
| 6. Total Downpayment | | | Balance (1d+2d) | $ N/A* |
| A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s)): | $ N/A (A) | | **Total Net Trade-In (1e+2e)** | $ N/A* |
| Vehicle 1 $ N/A      Vehicle 2 $ N/A | | | (*See item 6A–6C in the Itemization of Amount Financed) | |
| B. Total Less Prior Credit or Lease Balance (e) | $ N/A (B) | | | |
| Vehicle 1 $ N/A      Vehicle 2 $ N/A | | | | |

<table>
<tr><td>C. Total Net Trade-In (A–B) (Indicate if negative number)</td><td>$ N/A (C)</td></tr>
<tr><td>Vehicle 1 $ N/A      Vehicle 2 $ N/A</td><td></td></tr>
<tr><td>D. Deferred Downpayment Payable to Seller</td><td>$ N/A (D)</td></tr>
<tr><td>E. Manufacturer's Rebate</td><td>$ N/A (E)</td></tr>
<tr><td>F. Other N/A</td><td>$ N/A (F)</td></tr>
<tr><td>G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card</td><td>$ N/A (G)</td></tr>
<tr><td>Total Downpayment (C through G)</td><td>$ 0.00 (6)</td></tr>
<tr><td>(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above)</td><td></td></tr>
<tr><td>7. Amount Financed (5 less 6)</td><td>$ 27916.12 (7)</td></tr>
</table>

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A , Year N/A
SELLER'S INITIALS N/A

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.
**Buyer Signature X** N/A                                   **Co-Buyer Signature X** N/A

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: N/A

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.
**Buyer Signs X** _____                                   **Co-Buyer Signs X** _____

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.
**Buyer (X)** [signature]                                   **Co-Buyer X** N/A

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
**WARNING** ...

**EXHIBIT A**

THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

SIGNS _____   X N/A

NO ADDITIONAL TERMS TO BE ENTERED IN THIS BOX

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____   Co-Buyer Signature X N/A

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X _____  Date 05/13/16  Co-Buyer Signature X N/A _____  Date N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X N/A _____   Address N/A

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.
Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X N/A _____  Date N/A _____
Address N/A

Guarantor X N/A _____  Date N/A _____
Address N/A

Seller Signs STOCKTON DODGE INC   Date 05/13/16 By X _____  Title INT MNGR

LAW FORM NO. 553-CA (REV. 7/15)
©2015 The Reynolds and Reynolds Company TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055.
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

EXHIBIT A



**Service of Process Transmittal**
06/17/2020
CT Log Number 537806822

TO:     Melissa Gravlin
        FCA US LLC
        1000 Chrysler Dr Ofc of
        Auburn Hills, MI 48326-2766

RE:     **Process Served in California**

FOR:    FCA US LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Elza Lynn Lefevre, Pltf. vs. FCA US LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Trial Demanded, Exhibit(s), Notice, Attachment(s) |
| **COURT/AGENCY:** | San Mateo County - Superior Court, CA<br>Case # 20CIV02336 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2019 Jeep Cherokee - VIN: 1C4PJLLBXKD154124 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/17/2020 at 13:41 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Adam J. McNeile<br>Kemnitzer, Barron & Krieg, LLP<br>42 Miller Ave., 3rd Floor<br>Mill Valley, CA 94941<br>(415) 632-1900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/18/2020, Expected Purge Date: 06/23/2020<br><br>Image SOP<br><br>Email Notification,  Lance Arnott  SOPVerification@wolterskluwer.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / BK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT B



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
www.sanmateocourt.org

**FILED**
SAN MATEO COUNTY

JUN - 2 2020

Clerk of the Superior Court
By _____
DEPUTY CLERK

### NOTICE OF CASE MANAGEMENT CONFERENCE

| | |
|---|---|
| Elza Lynn Lefevre | Case No: 20-CIV-02336 |
| vs. | |
| FCA US LLC | Date and Time: **Wednesday, 10/07/2020 at 9:00 AM** |
| | Dept.: **11** |

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. You are hereby given notice of your Case Management Conference. The date, time and department are noted above:
   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).
   b) Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action. Documents are available under the online under the CIVIL CMC Packet section at: http://sanmateocourt.org/court_divisions/civil/
   c) File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause as to why you should not be sanctioned. The order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a Civil Stipulation and Order to ADR Form and Order. You may find this form and information regarding the Civil ADR Program online at http://sanmateocourt.org/court_divisions/adr/civil/

4. If you have filed a default or a judgment has been entered, your case may not automatically be taken off Case Management Conference Calendar if there are any parties pending, including "Does," "Roes," etc. If "Does," "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

5. All attorneys of record and self-represented parties are required to attend this conference*

6. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a) Referring parties to voluntary ADR and setting an ADR completion date;
   b) Dismissing or serving claims or parties;
   c) Setting a trial date.

7. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).

Rev. Jan. 2020

EXHIBIT C

ADAM MCNEILE
KEMNITZER BARRON & KRIEG LLP
42 MILLER AVENUE
3RD FLOOR
MILL VALLEY CA  94941

Rev. Jun. 2016

# EXHIBIT C

# SUPERIOR COURT
# OF
# CALIFORNIA
# COUNTY OF
# SAN MATEO



# LOCAL COURT
# RULES

## As Amended
## Effective July 1, 2020

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
Hall of Justice and Records
400 County Center, 2nd Floor
Redwood City, California 94063

EXHIBIT C

# TABLE OF CONTENTS

**FILING INSTRUCTIONS**

**SUMMARY OF CHANGES**

**LIST OF EFFECTIVE RULES**

**INTRODUCTION**

**DIVISION I**
**APPELLATE DEPARTMENT**

**DIVISION II**
**COURT MANAGEMENT - SUPERIOR COURT**

**DIVISION III**
**CIVIL LAW AND MOTION - SUPERIOR COURT**

**DIVISION IV**
**PROBATE DEPARTMENT**

**DIVISION V**
**FAMILY LAW DEPARTMENT AND FAMILY COURT SERVICES**

**DIVISION VI**
**OTHER SPECIAL DEPARTMENTS AND CALENDARS**

**DIVISION VII**
**CLASS ACTIONS**

**DIVISION VIII**
**SPECIAL MASTERS/REFEREES - SUPERIOR COURT**

**DIVISION IX**
**CRIMINAL DEPARTMENT**

**DIVISION X**
**JUDICIAL ARBITRATION FOR CIVIL CASES - SUPERIOR COURT**

**DIVISION XI**
**CIVIL RULES**

**ATTACHMENT I**
**LOCAL COURT FORMS**

**ALPHABETICAL INDEX**

EXHIBIT C

Superior Court of California, County of San Mateo

  (c) Pursuant to CCP Section 1010.6(d)(4) and CRC Rule 2.253(b)(1), self-represented parties are exempt from any mandatory electronic filing requirements, but are permitted to and encouraged to electronically file documents, if they so choose.

  (d) A party that is subject to mandatory electronic filing may seek to be excused therefrom by submitting a Request for Exemption from Mandatory Electronic Filing and Service, Judicial Council form EFS-007, and obtaining a court order granting the request. (Adopted, effective January 1, 2020) (*Amended, effective July 1, 2020).*

Rule 2.1.8 Documents That Cannot Be Electronically Filed

As an exception to Rule 2.1.5 and Rule 2.1.7, certain documents cannot be electronically filed (or lodged) with the Court, and must be filed by conventional means, i.e., paper documents. At present, documents that cannot be electronically filed (or lodged) and must be submitted in paper form, include the following:

  (a) In All Actions:  Ex parte applications and all other ex parte filings; stipulation and proposed order; orders after hearing; order of examination; trial exhibits; administrative records; writs; abstracts; subpoenas; requests for judgment; proposed judgments; bonds and undertakings; out-of-state commissions; out-of-state judgments; subpoenas for out-of-state actions; all appeal documents including notice of appeal;

  (b) In Probate actions: Wills; codicils; estate planning documents; documents lodged pursuant to Probate Code section 2620; letters of administration; letters of testamentary; certified copy of death certificate; letters of conservatorship, guardianship, or temporary guardianship or conservatorship;

  (c) In General Civil actions: Mandatory settlement conference statements; Certificate of Fact form DL30;

  (d) ***In Criminal actions: Complaint, and all documents filed before the Complaint;***

  (e) In Family Law actions:  Summary dissolution cases; peremptory judicial challenges.

A list of such documents is regularly updated on the Court's website, as the Court continues to expand its electronic filing capabilities.

(Adopted, effective January 1, 2020) (*Amended, effective July 1, 2020).*

## CHAPTER 2.  CIVIL TRIAL COURT MANAGEMENT RULES
## PART 1.  MANAGEMENT DUTIES

Rule 2.2 Trial Court Management

  Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

  (Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

## PART 2.  CASEFLOW MANAGEMENT

Rule 2.3  New Case Management

This rule applies to all civil cases with the exception of the following:  (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes.  For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953,.

EXHIBIT C

Superior Court of California, County of San Mateo

A.     Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)     To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)     To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)     To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution. Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)     In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

B.     Case Management Judges

The clerk will assign the case to a Case Management Judge at the time the complaint is filed. The case shall be managed by the assigned Case Management Judge until disposition or until the case is assigned to a trial department.

C.     Filing and service of pleadings; exceptions.

(1)     Complaint:  Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted.  The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint:  Except as provided in paragraph (5) below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance

with a governmental claims statute is a prerequisite to the cross-complaint)  not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

(3)     Responsive pleadings:  Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service.  The

EXHIBIT C

Superior Court of California, County of San Mateo

parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service of process: Proofs of service of process must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

(A)     Time to serve may be extended for good cause: Upon ex parte application to the court, *in compliance with California Rules of Court 3.1200 – 3.1206,* within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona). An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired. The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance. In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)     Additional extension of time if uninsured motorist arbitration is pending. In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)     Time to respond may be extended for good cause: Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond. The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

D.     Case management conference

(1)     Date of conference: Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed. (Government Code 68616)

EXHIBIT C

Superior Court of California, County of San Mateo

(2)    Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)    Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)    The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)    The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)    Designation of trial counsel:  Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference.  If such counsel is not specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)    Conference orders:  At the initial conference, the Case Management Judge will make appropriate pre-trial orders that may include the following:

(A)    An order referring the case to arbitration, mediation or other dispute resolution process;

(B)    An order transferring the case to the limited jurisdiction of the superior court;

(C)    An order assigning a trial date;

(D)    An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

(E)    An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

(F)    An order of discovery;  including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

(G)    An order scheduling the exchange of expert witness information;

(H)    An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

(I)    Other orders to achieve the interests of justice and the timely disposition of the case.

(8)    CourtCall Telephonic Appearances

(A)    Reference CRC, Rule 3.670

(B)    Procedure.  Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings.  A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing.  Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office.  There is a fee to parties for each CourtCall appearance

EXHIBIT C

Superior Court of California, County of San Mateo

and fees are paid directly to CourtCall. CourtCall will send confirmation of the request to parties.

(C)     On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing. Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation. Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

(D)     At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation). If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff. If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically appeared at the mandatory ADR referral. If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

E.     Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement. If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

F.     Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees. Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement. Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

G.     Stipulations to Arbitration

(1)     If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration. A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference. A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)     It is the policy of this court to make every effort to process cases in a timely manner. Parties who elect or are ordered by the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled "*Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing.*" Parties can obtain a copy of the form by contacting the court's judicial

EXHIBIT C

Superior Court of California, County of San Mateo

arbitration administrator [See Local Rule 10.1(d)(1)]. Continuances without adequate grounds will not be considered. A case management judge will either grant or deny the request for continuance. If the request is denied, the case may be assigned a trial date. If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)     Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court. The Stipulation must state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing: (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

H.     Stipulations to Private ADR

(1)     If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days. The court shall notify all parties of the continued case management conference.

(2)     If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)     Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider. Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)     All parties and counsel shall participate in the ADR process in good faith.

(5)     To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)     ADR Program Complaint Policy  If mediation session participants have a concern about the mediation process or the conduct of a mediator affiliated with the court's program, the court encourages them to speak directly with the mediator first. In accordance with California Rules of Court §3.865 et seq., parties may also address written complaints, referencing the specific Rule of Court allegedly violated, to the Court's Civil ADR Program. (For complete complaint procedure guidelines, see court web site: *https://www.sanmateocourt.org/court_divisions/adr/civil*)

(7)     In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

I.     Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator. In the absence of a stipulation, either party may file a motion to have the

EXHIBIT C

Superior Court of California, County of San Mateo

matter designated a "short cause" and set the case accordingly.  All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

J.      Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

K.      Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two weeks prior to the assigned trial date.

Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

L.      Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules.  The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007) (Amended, effective January 1, 2010)(Amended, effective July 1, 2017) (Amended, effective January 1, 2020.)

Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)     A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)     An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)     An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)     An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar.  Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

Rule 2.4  Settlement Conference

EXHIBIT C

1 | JON D. UNIVERSAL, SBN 141255
JAMES P. MAYO, SBN 169897
2 | NEJLA NASSIRIAN, SBN 308730
BRETT H. WANNER, SBN 314025
3 | **UNIVERSAL & SHANNON, LLP**
2240 Douglas Boulevard, Suite 290
4 | Roseville, California 95661
Telephone: (916) 780-4050
5 | Facsimile: (916) 780-9070

6 | Attorneys for Defendant **FCA US LLC**

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON        7/10/2020
By_____ /s/ Rjay Dominia
**Deputy Clerk**

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SAN MATEO

10

11 | ELZA LYNN LEFEVRE,                    Case No.: 20-CIV-02336

12 |          Plaintiff,                  *Assigned to Judge ~, Dept. 11*
                                          Action Filed: June 2, 2020
13 |     vs.
                                          **DEFENDANT FCA US LLC'S ANSWER
14 | FCA US LLC; and DOES 1 through 20,    TO PLAINTIFF'S COMPLAINT**
     inclusive,

15 |          Defendants.

16

17 |        Defendant FCA US LLC hereby responds to Plaintiff's Complaint herein, as follows:

18 | Pursuant to California Code of Civil Procedure § 431.30, Defendant denies each and every

19 | allegation in the Complaint and further denies that Plaintiff has been damaged in any sum

20 | whatsoever.

21 |                          **FIRST AFFIRMATIVE DEFENSE**

22 |                              **(Comparative Fault)**

23 |        If Plaintiff sustained any damages, as alleged in her Complaint, that damage was

24 | proximately caused and contributed to by Plaintiff in failing to conduct himself in a manner

25 | ordinarily expected of a reasonably prudent person in the conduct of their affairs and business.

26 | Thus, Plaintiff's contributory negligence and fault diminish any recovery sought.

27 | ///

28 | ///

---

1
DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT D

## SECOND AFFIRMATIVE DEFENSE

### (Contributory Negligence of Third Parties)

If Plaintiff sustained any damages, as alleged in her Complaint, that damage was proximately caused and contributed to by persons and/or parties other than Defendant in failing to conduct herself in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. Thus, the contributory negligence and fault of persons and/or parties other than Defendant diminishes any recovery sought by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Plaintiff' Complaint, and each cause of action and count contained therein, fails to state sufficient facts to constitute a cause of action against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Disclaimer of Warranties)

Plaintiff's cause of action for breach of express warranty and incidental and consequential damages is barred by the express disclaimers and limitations of liability contained in the alleged express warranties.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Any cause of action alleged in Plaintiff's Complaint is barred by the statutes of limitation contained in the Code of Civil Procedure, specifically §§ 338 and 338.1, Code of Civil Procedure § 337, and/or Commercial Code § 2725.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

If Plaintiff sustained any damages, as alleged in his Complaint, that damage was proximately caused and contributed to by Plaintiff in failing to mitigate damages. Thus, Plaintiff's failure to mitigate damages diminishes any recovery herein.

///

///

DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT D

**SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Defendant is informed and believes and, thus, alleges that Plaintiff has engaged in conduct and activity sufficient to estop them from asserting all or any part of the claims set forth in her Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendant is informed and believes and, thus, alleges that the claims and relief sought by Plaintiffs are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Defendant is informed and believes and, thus, alleges that Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, breach of warranty, negligence, or any other conduct, as set forth in his Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Laches)**

Defendant is informed and believes and, thus, alleges that Plaintiff waited an unreasonable period of time to complain of the alleged acts or omissions at issue in their Complaint so as to prejudice Defendant. Plaintiff is, therefore, guilty of laches and is barred from recovery.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure of Performance)**

Defendant is informed and believes and, thus, alleges that any failure to perform the obligations as described in the Complaint resulted from Plaintiff's failure to perform as required by the contract and/or warranty. Performance of Plaintiff's obligations are a condition precedent to the performance of Defendant's obligations.

///
///
///

EXHIBIT D

## TWELFTH AFFIRMATIVE DEFENSE

### (Alteration of Product)

The vehicle was not defective or in an unmerchantable condition at any time when it left the possession, custody, and control of the manufacturer. Any damage to the subject automobile was caused and created by changes and alterations made to the vehicle, subsequent to the vehicle's manufacture and/or sale, by persons other than the manufacturer or any of its agents, servants, or employees; thus, barring Plaintiff's recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action for Civil Penalties)

Plaintiff's Complaint fails to state sufficient facts to warrant the imposition of civil penalties because it was believed that replacement or repurchase of the subject vehicle was not appropriate under the circumstances then known.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Civil Penalties)

Any cause of action alleged in Plaintiff's Complaint seeking civil penalties is barred by the statute of limitations contained in the Code of Civil Procedure, specifically § 340.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Consent)

The repair process to Plaintiff's vehicle was appropriate and proper and is believed to have been done with Plaintiff's consent.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Abuse or Failure to Maintain)

Plaintiff is barred from recovery by virtue of Civil Code § 1794.3 since the claimed defect or nonconformity was caused by the unauthorized or unreasonable use of the vehicle following sale.

///

///

///

EXHIBIT D

1  <u>**SEVENTEENTH AFFIRMATIVE DEFENSE**</u>

2  <u>**(Civil Code § l791.1(c)-Implied Warranty)**</u>

3      Each and every cause of action based upon breach of implied warranty is barred by virtue

4  of Civil Code § 1791.1(c).

5  <u>**EIGHTEENTH AFFIRMATIVE DEFENSE**</u>

6  <u>**(Failure to Provide Reasonable Opportunity to Repair**</u>)

7      Plaintiff is precluded from any recovery pursuant to the Song-Beverly Consumer Warranty

8  Act because Plaintiff failed and refused to provide a reasonable opportunity to repair.

9  <u>**NINETEENTH AFFIRMATIVE DEFENSE**</u>

10  <u>**(Improper Venue)**</u>

11      Defendant alleges that venue is improper pursuant to C.C.P. §§ 395, 395.5, 396b and 397,

12  among others.

13      WHEREFORE, Defendant FCA US LLC requests the following:

14      1.  That Plaintiff recover nothing by way of his Complaint on file herein;

15      2.  That judgment be entered in favor of Defendant for attorney's fees and costs of suit;

16  and,

17      3.  For such other and further relief as the Court may deem just and proper.

18

19  **DATED:**  July 10, 2020                              **UNIVERSAL & SHANNON, LLP**

20

21

22                        JON D. UNIVERSAL, ESQ.
                      Attorneys for Defendant **FCA US LLC**

23

24

25

26

27

28

DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT D

**PROOF OF SERVICE**

<u>**LEFEVRE (ELZA LYNN) v. FCA US LLC et al.**</u>
**SAN MATEO COUNTY SUPERIOR COURT CASE NO. 20-CIV-02336**

I am employed in the County of Placer, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2240 Douglas Boulevard, Suite 290, Roseville, California 95661.

On the date below, I served the following document described as **DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** on all interested parties in this action by placing  ☑ a true copy  ☐ the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Kristin Kemnitzer, Esq.<br>Adam J. McNeile, Esq.<br>**KEMNITZER, BARRON & KRIEG**<br>42 Miller Ave., 3rd Floor<br>Mill Valley, CA 94941 | <u>***Counsel for Plaintiff***</u><br>Tel: (415) 632-1900<br>Fax: (415) 632-1901<br>kristin@kbklegal.com<br>adam@kbklegal.com |

☐    (BY OVERNIGHT DELIVERY/COURIER)
I deposited such envelope in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

☑    (BY MAIL, 1013a, 2015.5 C.C.P.)
I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Roseville, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    (BY PERSONAL SERVICE) I caused to be personally delivered to the offices of the person(s) at the address(es) above.

☑    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **July 10, 2020** at Roseville, California.

*/Marcia Ney/*
MARCIA NEY

**\*\*Courtesy copy emailed to the person(s) at the email address(es) as set forth above.**

PROOF OF SERVICE

**EXHIBIT D**

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE

| Dealer Number | Contract Number | R.O.S. Number | Stock Number |
|---|---|---|---|

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller - Creditor (Name and Address) |
|---|---|---|

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| | | | | | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| % | $ (e) | $ (e) | $ (e) | $ |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | | |
| One Payment of | | |
| One Payment of | | |
| | | Monthly beginning |
| One final payment | | |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% on the part of the payment that is late.
Prepayment. If you pay early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

**ITEMIZATION OF THE AMOUNT FINANCED** (Seller may keep part of the amounts paid to others.)

1. Total Cash Price
   A. Cash Price of Motor Vehicle and Accessories ............ $ _____ (A)
      1. Cash Price Vehicle ........ $ _____
      2. Cash Price Accessories ...... $ _____
      3. Other (Nontaxable)
         Describe _____ $ _____
         Describe _____ $ _____
   B. Document Processing Charge (not a governmental fee) .... $ _____ (B)
   C. Emissions Testing Charge (not a governmental fee) ...... $ _____ (C)
   D. (Optional) Theft Deterrent Device(s)
      1. (paid to) _____ $ _____ (D1)
      2. (paid to) _____ $ _____ (D2)
      3. (paid to) _____ $ _____ (D3)
   E. (Optional) Surface Protection Product(s)
      1. (paid to) _____ $ _____ (E1)
      2. (paid to) _____ $ _____ (E2)
   F. EV Charging Station (paid to) _____ $ _____ (F)
   G. Sales Tax (on taxable items in A through F) ........ $ _____ (G)
   H. Electronic Vehicle Registration or Transfer Charge
      (not a governmental fee) (paid to) _____ $ _____ (H)

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

| | | Term | | Premium |
|---|---|---|---|---|
| $ | Ded. Comp, Fire & Theft | | Mos. | $ |
| $ | Ded. Collision | | Mos. | $ |
| Bodily Injury | $ | Limits | Mos. | $ |
| Property Damage | $ | Limits | Mos. | $ |
| Medical | $ | | Mos. | $ |
| | | | Mos. | $ |

Total Vehicle Insurance Premiums $ _____

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____
Co-Buyer X _____
Seller X _____

**OPTIONAL DEBT CANCELLATION AGREEMENT.** A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in Item 1K of the Itemization of Amount Financed. See your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.

Term _____ Mos. _____ Debt Cancellation Agreement

I want to buy a debt cancellation agreement.

Buyer Signs X _____

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1I.

| I1 Company | | |
|---|---|---|
| Term _____ Mos. or _____ Miles | | |
| I2 Company | | |
| Term _____ Mos. or _____ Miles | | |
| I3 Company | | |
| Term N/A Mos. or N/A Miles | | |
| I4 Company N/A | | |
| Term _____ Mos. or _____ Miles | | |
| I5 Company | | |
| Term _____ Mos. or _____ Miles | | |

Buyer X _____

Trade-in Vehicle(s)

## EXHIBIT E

| | | | |
|---|---|---|---|
| -(not a governmental fee) (paid to) AVRS | $ | 30.00 (H) | |

I. (Optional) Service Contract(s)

| | | |
|---|---|---|
| 1. (paid to) FIRST EXTENDED SERV CONT | $ 2500.00 | (I1) |
| 2. (paid to) N/A | $ N/A | (I2) |
| 3. (paid to) N/A | $ N/A | (I3) |
| 4. (paid to) N/A | $ N/A | (I4) |
| 5. (paid to) N/A | $ N/A | (I5) |

J. Prior Credit or Lease Balance (e) paid by Seller to
Vehicle 1 N/A   Vehicle 2 N/A     $ N/A (J)
(see downpayment and trade-in calculation)

| | | |
|---|---|---|
| K. (Optional) Debt Cancellation Agreement | $ N/A | (K) |
| L. (Optional) Used Vehicle Contract Cancellation Option Agreement | $ N/A | (L) |
| M. Other (paid to) N/A | $ N/A | (M) |
| For N/A | | |
| N. Other (paid to) N/A | $ N/A | (N) |
| For N/A | | |
| Total Cash Price (A through N) | $ 27565.12 | (1) |

2. Amounts Paid to Public Officials

| | | |
|---|---|---|
| A. Vehicle License Fees ESTIMATED | $ 149.00 | (A) |
| B. Registration/Transfer/Titling Fees ESTIMATED | $ 194.00 | (B) |
| C. California Tire Fees | $ N/A | (C) |
| D. Other N/A | $ N/A | (D) |
| Total Official Fees (A through D) | $ 343.20 | (2) |

3. Amount Paid to Insurance Companies

(Total premiums from Statement of Insurance)        $ N/A (3)

4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee   $ 8.00 (4)

5. Subtotal (1 through 4)        $ 27916.12 (5)

6. Total Downpayment

A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s)):     $ N/A (A)
Vehicle 1 $ N/A     Vehicle 2 $ N/A

B. Total Less Prior Credit or Lease Balance (e)       $ N/A (B)
Vehicle 1 $ N/A     Vehicle 2 $ N/A

C. Total Net Trade-In (A–B) (indicate if negative number)     $ N/A (C)
Vehicle 1 $ N/A     Vehicle 2 $ N/A

| | | |
|---|---|---|
| D. Deferred Downpayment Payable to Seller | $ N/A | (D) |
| E. Manufacturer's Rebate | $ N/A | (E) |
| F. Other N/A | $ N/A | (F) |
| G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card | $ N/A | (G) |
| Total Downpayment (C through G) | $ 0.00 | (6) |

(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above)

7. Amount Financed (5 less 6)        $ 27916.12 (7)

---

| Trade-In Vehicle(s) | | |
|---|---|---|
| 1. Vehicle 1 | | |
| Year N/A   Make N/A | | |
| Model N/A     Odometer N/A | | |
| VIN N/A | | |
| a. Agreed Value of Property | $ | N/A |
| b. Buyer/Co-Buyer Retained Trade Equity | $ | N/A |
| c. Agreed Value of Property Being Traded-In (a–b) | $ | N/A |
| d. Prior Credit or Lease Balance | $ | N/A |
| e. Net Trade-In (c–d) (must be ≥ 0 for buyer/co-buyer to retain equity) | $ | N/A |
| 2. Vehicle 2 | | |
| Year N/A   Make N/A | | |
| Model N/A     Odometer N/A | | |
| VIN N/A | | |
| a. Agreed Value of Property | $ | N/A |
| b. Buyer/Co-Buyer Retained Trade Equity | $ | N/A |
| c. Agreed Value of Property Being Traded-In (a–b) | $ | N/A |
| d. Prior Credit or Lease Balance | $ | N/A |
| e. Net Trade-In (c–d) (must be ≥ 0 for buyer/co-buyer to retain equity) | $ | N/A |
| Total Agreed Value of Property Being Traded-In (1c+2c) | $ | N/A* |
| Total Prior Credit or Lease Balance (1d+2d) | $ | N/A* |
| Total Net Trade-In (1e+2e) | $ | N/A* |
| (*See item 6A–6C in the Itemization of Amount Financed) | | |

OPTION: ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A , Year N/A .
SELLER'S INITIALS N/A

---

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

Buyer Signature X N/A          Co-Buyer Signature X N/A

---

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: N/A

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _____   Co-Buyer Signs X N/A

---

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

Buyer (X) _____   Co-Buyer X N/A

---

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

WARNING

THE INSURANCE POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE COLLISION COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER UNLESS OTHERWISE SPECIFIED. THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OWED UNDER THIS CONTRACT AFTER THE VEHICLE HAS BEEN REPOSSESSED. FOR MORE INFORMATION CONTACT YOUR INSURANCE AGENT.

**EXHIBIT E**

THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

SIGN X _____   X N/A

NO ADDITIONAL TERMS TO BE ENTERED IN THIS BOX

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof. After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to a change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____   Co-Buyer Signature X  N/A

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X _____   Date 05/18/16   Co-Buyer Signature X  N/A   Date  N/A
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X  N/A   Address  N/A

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing. Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X  N/A   Date  N/A   Guarantor X  N/A   Date  N/A
Address  N/A   Address  N/A

Seller Signs  STOCKTON DODGE INC   Date 05/18/16  By X  SALES & TITLES CLERK   Title  INT MNGR

**LAW** FORM NO. 553-CA (REV. 1/16)
©2016 The Reynolds and Reynolds Company TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

EXHIBIT E

10-K 1 fcausllc-2014123110k.htm FCA US 12.31.14 10-K

---

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

---

## Form 10-K

---

(Mark One)

☑ **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**
   For the fiscal year ended December 31, 2014

OR

☐ **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**
   For the transition period from          to
   Commission file number 000-54282

---

# FCA US LLC
(Exact name of Registrant as Specified in its Charter)

| | |
|---|---|
| **DELAWARE** | 27-0187394 |
| (State or Other Jurisdiction of Incorporation or Organization) | (I.R.S. Employer Identification No.) |
| 1000 Chrysler Drive | |
| Auburn Hills, Michigan | 48326 |
| (Address of Principal Executive Offices) | (Zip Code) |

(248) 512-2950
(Registrant's Telephone Number, Including Area Code)

**Chrysler Group LLC**
(Former name or former address, if changed since last report)

Securities registered pursuant to Section 12(b) of the Act:
None

Securities registered pursuant to Section 12(g) of the Act:
None

---

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.   Yes ☐   No ☑

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.   Yes ☐   No ☑

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☑   No ☐

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Web site, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T (§232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files).   Yes ☑   No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K, or any amendment to this Form 10-K.   ☑

EXHIBIT F